STATE ex rel., RICE et al., Appellant, v. CHICAGO, M. & P. S. RY. COMPANY, Respondent.

(141 N. W. 473.)

1.  **Railroads—Supervision by Commissioners—Review by Court—Evidence.**

     Under Laws 1911, Chap. 207, providing that the circuit court shall hear petitions of the railway commission where the commission's order has not been obeyed by the carrier, and determine the matters involved speedily as a court of equity, and sec-

tion 17, making findings of the board prima facie evidence, held, the proceeding in court was not a review of the record, and the duly authenticated transcript of evidence taken before the board at its hearing was inadmissible.

2. **Appeal—Findings—Conclusiveness.**

Findings of trial court on conflicting evidence, or where reasonable and fair-minded men might draw different conclusions therefrom, will not be disturbed by the Supreme Court, unless such findings are against clear preponderance of evidence.

3. **Railroads—Location of Station—New Evidence Before Court, on Petition.**

Upon a hearing by circuit court on petition by railway commissioners to enforce its order for location of a station, the railroad may attack the order of the board by introduction of evidence not offered at the board's hearing.

4. **Railroads—Location of Station—Commission's Findings—Petition to Enforce—Presumption and Burden of Proof.**

Under Laws 1911, Chap. 207, Sec. 17, making railway commission's findings prima facie evidence, a railroad attacking them must sustain the allegations of fact in its answer by preponderance of evidence, which burden the trial court, in making its findings, necessarily assumes to rest upon it, but, where the findings of trial court are before the Supreme Court for review upon the sufficiency of conflicting evidence, or evidence from which reasonable men might reach different conclusions, the question of burden of proof is eliminated, and a strong presumption arises in favor of the trial court's findings.

(Opinion filed May 10, 1913.)

Appeal from Circuit Court, Perkins County.   Hon. CLAY CARPENTER, Judge.

Mandamus by the State of South Dakota, on the relation of George Rice and others, Railway Commissioners, against the Chicago, Milwaukee & Puget Sound Railway Company, to enforce the Commission's order for construction of a railway station. From a judgment for defendant and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Royal C. Johnson,* Attorney general, and *P. W. Dougherty,* Assistant Attorney General, for Appellant.

The transcript of evidence taken before the Railway Commissioners was admissible in evidence before the circuit court. Sec. 19, Chap. 207, S. L. 1911; I. C. C. v. Cincinnati N. & O. T. R. R. Co., 64 Fed. 981; 162 U. S. 184, 16 S. C. Rep. 700; L. & N. R. Co. v.

I. C. C., 195 Fed. 541; State v. Hefferman, 24 S. D. 1; Merchants National Bank v. Stebbins, 10 S. D. 466; Minn. Mill Co. v. Minn. & St. L. Ry. Co., 53 N. W. 639; King v. McCarthy, 55 N. W. 960; Persons v. Persons, 97 N. W. 551; Vol. 2, Wigmore on Evidence, sections 1360-1395.

The section of our statute relating to the enforcement of its orders is identical with the original section numbered sixteen of the Interstate Commerce Act, and under that act the federal courts have held that it is their duty to determine whether or not the Interstate Commerce Commission has proceeded according to law, and there was sufficient evidence to sustain the order in the hearing before the commission. In our opinion the Supreme Court of this state should lay down the same rule. See cases cited, supra.

*William G. Porter,* and *Ed. L. Grantham,* for Respondent.

The provision that the findings of the board shall be prima facie evidence of the facts therein stated, we contend, simply shifts the burden of proof to the defendant upon the facts recited. Commonwealth v. Kimball, 41 Mass. 359, 35 Am. Decisions, 326; State v. Hardelein, 70 S. W. 120; Crane v. Morris, 31 U. S. 598; U. S. v. Wiggins, 39 U. S. 334; Blough v. Perry, 43 N. W. 560; Smith v. Burrus, 16 S. W. 881, 27 Am. State Rep. 329; Sweet v. C. M. & St. P. Ry. Co., 6 S. D. 281; 60 N. W. 77.

SMITH, J. In April, 1911, certain persons, residents of the town of White Butte, in Perkins county filed a petition in the office of the board of railroad commissioners, alleging that the town of White Butte has a population of about 70 people, with about 25 business houses, and in the immediate vicinity thereof is a good farming community, well settled up with able bona fide farmers, 90 per cent. of whom do their trading at that point; that the complainants have requested defendant to construct a side track and place a station house on its right of way at the town of White Butte for the accommodation and convenience of the public generally, but such application has been refused; that there is a great public demand and necessity for the construction of such station house and side track, and for the keeping of the same properly lighted and heated previous to the arrival and subsequent to the departure of its trains, and also for the stopping of trains, both passenger and freight, at White Butte, for the receipt and dis-

charge of persons and property. Upon this petition an order was made' that a call and demand be issued, returnable within 30 days after service, requiring defendant to satisfy the said complaint within 30 days by constructing a suitable station house and suitable side track as prayed for, which was served on defendant May 9, 1911. The defendant neglected and refused to satisfy said complaint, but answered the same in writing on June 2, 1911, and on the 28th day of June, 1911, a hearing was ordered to be held on the 25th day of July, 1911, and a notice of hearing served upon both parties. On the 25th day of July the board convened in regular session at the town of White Butte for the purpose of investigating the facts alleged in the complaint and answer. Both parties appeared, and, upon the hearing, witnesses were called and sworn on behalf of defendant. Citizens of Haynes, N. D., filed a protest against the granting of the relief demanded by the citizens of White Butte, appearing by R. M. Farington, of Hettinger. N. D., and three witnesses were called and sworn in behalf of the protest. Briefs were filed by both parties, and on September 28, 1911, the board filed its findings of fact and conclusions of law, and made an order requiring defendant to construct on its right of way a suitable side track, and running connections between it and the main track at the town of White Butte, and designated said town as a station on the line of defendant, commanded and required that one passenger and one freight train each way daily be stopped at said station. The order also contained specifications for the construction of the platform and switch, together with an estimate of the cost thereof, accompanied by a blue print showing the location and manner of construction of the side track and platform, which order was served on the defendant on the 6th day of October, 1911. The company refused and neglected to comply with the order. Thereafter, upon proper affidavit and exhibits, the board of railroad commissioners caused to be issued an alternative writ, which was duly served, requiring defendant to construct a side track and platform, plans, and specifications for which accompanied the order; and to stop one passenger and one freight train each way daily, at White Butte, or show cause on the 22d day of November, 1911.

On the return day the defendant filed its answer containing a general denial of all matters alleged in the complaint before the

board of railroad commissioners, not specifically admitted. The answer admits the filing of the petition in writing, the hearing before the board, and the making of the order alleged, but denies that there is a good farming community, well settled up by bona fide settlers and farmers, or that there is a great public demand and necessity for the construction of a station house and side track, or for stopping of passenger or freight trains at White Butte for the receipt and discharge of passengers and freight, and alleges that the land surrounding White Butte is rough and broken, and that a very small per cent. of the people do their trading at said town, and there is no great public demand or necessity for the construction of the side track and platform required in the alternative writ; denies that the order was justified or warranted, and alleges that the same was made without jurisdiction to make said order, or any such order; alleges that defendant is not required to construct and maintain the side track ordered, for the reason that the town of White Butte is located between the towns of Petrel and Haynes, which are less than 12 miles apart, both of said towns being located in the state of North Dakota, without the jurisdiction of the board. Defendant further alleges that there is no law in force in this state under which the board of railroad commissioners can require any side track to be constructed and maintained other than as provided in section 534, Civil Code, when stations are more than 12 miles apart, and that the board exceeded its jurisdiction in making the order. Defendant further alleges that the order, if enforced, will deprive defendant of its rights of property and vested interests, without due process of law, contrary to the fourteenth amendment of the Constitution of the United States; that the enforcement of said order would interfere with, impede, and obstruct the proper operation of defendant's through trains engaged in interstate traffic; that defendant's line was constructed mainly for purposes of interstate commerce, but also to furnish adequate accommodation and facilities to its local patrons by means of well-located stations along its line of railway, for all of which purposes it was necessary to take into account the accommodation of the entire public and of all its patrons along its entire system; and that, if said order be carried out, it will disastrously affect the operation of its trains and its power to comply with the laws of the United States in respect to interstate

traffice.   The answer further alleges in effect that the construction of a side track and station as required is impracticable, and would incur an expenditure of $2,420 which would be a burden to defendant and without corresponding benefits, alleges, in sub-stance, that its business at the town of White Butte would be wholly unremunerative, and that the people of that vicinity are well provided for and accommodated through station facilities at Petrel, 4½ miles east, and at Haynes, less than 6 miles west, from the town of White Butte.   The answer further alleges that the town of White Butte was platted by speculators seeking to build up a town, without a thickly populated or well-settled country adjacent thereto, and was built through representations that a station, side track, and platform would be placed at the townsite; that said town was located near the boundary line of South Dakota, for the purpose of putting in saloons and selling intoxicating liquors to the inhabitants of North Dakota, where no saloons were allowed.'

[1] At the opening of the hearing the defendant moved to quash the writ on various grounds, upon which motion the trial court did not rule, whereupon defendant objected to the introduc-tion of any evidence upon the same grounds, and the court directed the parties to proceed with the testimony.   Appellant then offered in evidence the records, files and findings and orders of the board, which were received over objections.   Plaintiff then offered a transcript of the evidence taken before the commissioners at the hearing, duly authenticated, which was objected to as incompetent, immaterial, not the best evidence, and not binding on the defend-ant, which objection was sustained, and this ruling is assigned as error.   We think the ruling was correct.   The statute provides that "said court shall proceed to hear and determine the matter speedily as a court of equity," although "without the formal plead-ings and proceedings applicable to ordinary suits in equity."   The proceeding in the circuit court is not a review of the record made by the board of railroad commissioners, and has no con-nection therewith, except that the findings made by the board, in all judicial proceedings are to be "deemed and taken as prima facie evidence as to each and every fact found."   Laws 1911, c. 207, § 17.   The findings of fact made by the board are thus made competent prima facie evidence of the facts therein recited, the legal effect of which is to cast the burden of proof upon the person

who seeks to attack the action of the board.  The statute in no. other way relates the proceedings before the board to the suit in court, except that the question before the court is *whether the order which was made by the board should be enforced.*  The judicial proceeding is to compel obedience to the order, if the order is found to be in consonance with the statutes and Constitution and is just and equitable, under all the facts presented to the trial court.  The findings of the board would not be competent evidence of the facts therein recited in the absence of the statute, and the statute itself does not otherwise change the ordinary rules of evidence applicable in courts of equity.  The transcript of the evidence taken before the board is not made by this statute competent evidence upon the trial in the circuit court, and its exclusion, therefore, was not error.  The plaintiff, having introduced in evidence the findings of facts made by the board of railroad commissioners, rested its case.

The defendant company then offered the testimony of 22 witnesses in support of the defenses pleaded in its answer, and plaintiff presented the testimony of 20 witnesses in rebuttal.  The trial court thereafter made and filed its findings of fact sustaining every defense alleged in the answer, among others that the order sought to be enforced imposes a burden upon interstate commerce, attempts to regulate interstate commerce, and would interfere with the transportation of United States mails and impair the usefulness of the facilities of the defendant; that the construction of the platform and side track as specified and required in the order of the board of railroad commissioners is impracticable; that the townsite of 'White Butte was chosen as a convenient point from which to supply intoxicating liquors to the inhabitants of North Dakota, a prohibition state, and was a speculative scheme; that the townsite is situated at and adjacent to the main line of railway of the defendant comany; that the first station on said line east of White Butte townsite is Petrel, N. D., less than 4½ miles therefrom; that the first station west of White Butte is Haynes, a station less than 6 miles from White Butte townsite, and that there is no station on said main line west of White Butte.  Finding of fact No. 8 is as follows: "That a very large proportion of the land in the vicinity of White Butte is untilled, unbroken, and uncultivated prairie land, and that very small crops, if any, have

been produced therefrom; that the business arising from the improvement of the agricultural lands in the vicinity of White Butte is wholly unremunerative to the defendant in the -matter of freight and passenger traffic, and there is no public demand or public necessity for the construction of side track and platform at said townsite of White Butte; that the people residing at White Butte and in the vicinity thereof are well provided for and accommodated through the station facilities that the defendant maintains at Petrel, N. D., and at Haynes, N. D."

[2] Upon these findings of fact, conclusions of law and judgment in favor of the defendant were entered by the trial court. Appellant assigns as error insufficiency of the evidence to sustain each of the findings of fact.

The record contains the testimony of many witnesses called by the respective parties, somewhat conflicting, and of such character that different minds might draw different conclusions therefrom. The rule has been long settled in this state as one of universal application that where the findings of a trial court are founded upon evidence which is conflicting, or is of such character that reasonable and fair-minded men might draw different conclusions therefrom, this court will not disturb a finding of a trial court, unless it is made to appear that such finding is against a clear preponderance of evidence. This rule is plainly applicable in this case. The evidence is quite voluminous, and an attempt to review it would serve no useful purpose. The facts embraced in the eighth finding of fact, so far as they relate to an existing demand and necessity for the construction of the platform and side track at the town of White Butte, are vital to plaintiff upon this appeal. The trial court expressly finds and declares there is no public demand or public necessity for construction of a platform and side track at White Butte, but that citizens of that locality are well provided for and sufficiently accommodated through station facilities at he towns of Petrel and Haynes.

[3] Appellant conceded the law to be as above stated, but contends that the same force and effect should be given to the findings and proceedings of the board of railroad commissioners as is given to the proceedings and orders of the United States Interstate Commerce Commission, and that the only question for review before the federal court is held to be whether the Interstate Com-

merce Commission has proceeded according to law, and whether there was sufficient evidence before the commission to sustain the order made.

It is contended that the railway company should not be permitted at the trial in the circuit court to attack the order made by the board of railroad commissioners by the introduction of evidence not offered at the hearing before the board, and that upon this theory the transcript of the evidence taken before the board should have been received in evidence at the trial to show that such evidence was sufficient to sustain the order made by the board.

The authorities cited by appellant do not sustain this contention. In C., N. O. & T. P .Ry. Co. v. I. C. C., 162 U. S. 184, 16 Sup. Ct. 700, 40 L. Ed. 935, substantially similar proceedings were had before the United States Commerce Commission as in the case before us. The action was in a federal court to enforce an order of the Interstate Commerce Commission. The Supreme Court of the United States there ruled that the parties were not restricted to the evidence offered before the Interstate Commerce Commission, but criticized the action of the defendant company, saying: "We think this a proper occasion to express disapproval of such a method of procedure on the part of the railroad companies as should lead them to withhold the larger part of their evidence from the commission, and first adduce it in the circuit court. The commission is an administrative board, and the courts are only to be resorted to when the commission prefers to enforce the provisions of the statute by a direct proceeding in the court, or when the orders of the commission have been disregarded. The theory of the act evidently is, as shown by the provision, that the findings of the commission shall be regarded as prima facie evidence, that the facts of the case are to be disclosed before the commission. We do not mean, of course, that either party in a trial in the court is to be restricted to the evidence that was before the commission, but that the purposes of the act call for a full inquiry by the commission into all the circumstances and conditions pertinent to the questions involved." Appellant's counsel in their brief assert that the transcript of the evidence before the board of railroad commissioners was offered in this case, for the purpose of disclosing substantial evidence to support the order of the commission, and also "to prevent a situation which it was thought might

possibly arise, viz., that the commission might decide the case on the testimony produced before it, and the court might decide the case upon a line of testimony never produced before the board." A further discussion of the question is unnecessary.

[4] Appellant further contends that, upon the trial in the circuit court, the burden of proof was upon the defendant company to produce evidence which sustains beyond doubt a finding of the trial court which in effect overturns a finding of the board of railroad commissioners. In this contention we think appellant is in error. The statute in explicit language gives the findings made by the railroad commission merely the force and effect of prima facie evidence of the facts therein recited, and has no other or further force and effect than to require the defendant company to sustain the allegations of fact in its answer by a preponderance of evidence. The trial court in considering the evidence and making its findings necessarily assumes that this burden rests upon the defendant. But after the court has made its findings of fact, and the findings are before the appellate court for review upon the sufficiency of conflicting evidence, or of evidence from which reasonable men might honestly reach different conclusions, the question of the burden of proof is eliminated, and a strong presumption arises in favor of the findings of the trial court. Appellant cites the case of M., St. P. & S. S. Marie R. R. Co. v. R. R. Commissioners, 136 Wis. 146, 116 N. W. 905, 17 L. R. A. (N. S.) 821, as sustaining the proposition that the burden of proof in the trial court, cast upon the railroad company by the findings of the railroad commission, requires the company to *prove beyond a doubt* that the facts are as contended by the company and as alleged in the answer. An examination of that case discloses that the statute of Wisconsin is wholly unlike the statute of this state. By the United States Commerce Law (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), the findings of the commission are made prima facie evidence of the facts found, as they are under the statutes of this state. In discussing their own statute in comparison with the federal statute, the Wisconsin court says: "But we go further than this, and add the requirement of that particular degree of proof specified in the statute, and we consider the subject-matter and scope of the judicial investigation above referred to." In another portion of the opinion the

court says: "Unless the plaintiff is able to show by clear and satisfactory evidence that the order of the commission complained of is unlawful or unreasonable, as the case may be, the order must stand. The words 'clear and satisfactory evidence' are significant, because at the time of the enactment of this statute they were used in the law of this state to describe a degree of proof greater than a preponderance of evidence and such as was necessary in order to establish fraud by that party to an action upon whom the burden of proof rested. * * * We must hold that in the statute before the court the Legislature used the words 'clear and satisfactory' in this sense, and intended they should describe that· degree of proof necessary to establish fraud or prove mistake in a written instrument." The Wisconsin statute not only casts the burden of proof upon the person who attacks an order of the commission, but in express terms also prescribes the quantum *of proof required* to establish the facts contended for in opposition to the findings and order of the commission. Our statute contains no such provision.

Appellant also cites the case of Atchison, T. & S. F. Ry. Co. v. State, 23 Okla. 510, 101 Pac. 262, as sustaining its contention. In that state the board of corporation commissioners is created, and its powers and duties are defined and conferred by the Constitution and the commission is held to be clothed with full legislative authority and discretion in the execution of its powers and duties. The Supreme Court of that state holds that upon an appeal from an order of the corporation commission the appellate court is clothed with authority to and does act in a legislative capacity, except in the single instance where the appellate court is called upon to act judicially in determining whether a rate fixed by an act of the Legislature or of the commission should be set aside and annulled on the ground of violation of constitutional rights of property to that degree that it amounts to a taking of property without compensation, or without due process of law. In discussing this question of evidence, that court says: "But in the exercise of its peculiar jurisdiction as a legislative body, in reviewing the action of the corporation commission, the duty of this court is marked out in the Constitution, and that is to determine whether or not such order appealed from was reasonable, just, and correct, supported by the prima facie presumption in favor of the action,

of the commission that it is reasonable and just." The Constitution of that state provides that the orders of the commission shall be regarded as prima facie just, reasonable, and correct. In discussing the legal effect of this provision the court says: "What is the effect of being 'regarded as prima facie just, reasonable, and correct'? It simply means that in considering the testimony and the record upon which the order was based the presumption arises in the Supreme Court that the order thereon made is to be regarded as prima facie, just, reasonable, and correct. Such presumption is subject to be overcome by evidence that may be in the record that clearly rebuts same. Such presumption arising in favor of the order, while a strong one, is not one of a conclusive character. It will give way to a fair exhibition of the countervailing evidence in the record. The presumption given by this provision in favor of the commission's order belongs to that class of prima facie orders' or presumptions that are rebuttable, and will yield to the legitimate recitals of the record or the probative force of the evidence in the record. It casts upon the appellant the burden of making it clearly appear to the reviewing body that the order made by the commission is erroneous."

We think it entirely clear that the provision of our statute declaring that the findings of the railroad commission shall be prima facie *evidence of the facts therein recited* cannot be given the interpretation and effect contended for by appellant, and that it in no manner limits or qualifies the rule long established in this state, that the findings of a trial court upon questions of fact are presumed to be correct, and will not be disturbed or set aside upon appeal unless it shall be made to appear to this court that such findings are contrary to the *clear preponderance of the evidence.* In this case the trial court found that no public demand or necessity existed for the construction of a side track and platform at the townsite of White Butte, and that the inhabitants thereof and of the adjacent country were provided with ample and sufficient facilities and accommodations for the transaction of business with the defendant railroad company at the towns of Petrel and Haynes, and upon an examination of the evidence in the record we cannot say that such finding is contrary to the preponderance of the evidence. This finding alone is decisive against appellant, and we do not feel called upon at this time to discuss

or to determine the many other important and intricate legal propositions discussed in the very able briefs of counsel.

The judgment of the trial court is affirmed.